## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:

Cordell C Franklin

    Debtor

_____/

CreditBox.com, L.L.C.,

    Plaintiff,

v.

Cordell C Franklin

    Defendant.

_____/

Chapter 7

Bankruptcy Case No. 17-14133

Adversary No. 17-00420

## **FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**A. The Parties**
1. The Plaintiff is CreditBox.com, L.L.C. ("Plaintiff")
2. The Defendant is Cordell C Franklin ("Defendant")

**B. Factual Background**
1. Defendant filed a Chapter 7 Bankruptcy on May 4, 2017 ("Petition Date"), seeking a discharge of all unsecured debt including without limitation, CreditBox.com, L.L.C. Loan No.X439, in which the loan was listed on Debtor's Schedule E/F.
2. On August 11, 2017, Plaintiff issued a Summons and Complaint pursuant to title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") seeking an exception to discharge for the amount of $1,760.70.
3. That on August 14, 2017, a copy of the summons and Complaint was served in accordance with Fed. R. Bank. P. 7004 via first-class mail, postage prepaid to:

    Cordell C Franklin, 20 N Menard Ave, 2F, Chicago, IL 60644

    Rupa Sanghani, 1525 E. 53rd Street, Suite 423, Chicago, IL 60615
4. The summons indicated that a motion or answer was required within 30 days of issuance; to date, no responsive pleading has been filed.
5. No evidence has been presented to challenge the validity of Plaintiff's claim.

6. Debtor and Debtor's spouses monthly net income was $65.36 at the time of filing for bankruptcy and it is improbable the Debtor's income changed drastically since the Loan application date and it would render the loan payment in the amount of $258.30 bi-weekly impossible for the Debtor to repay.
7. Debtor and Debtor's spouse owed $71,885.59 in unsecured debt, $4,978.00 in secured debt at the time she entered into the loan, which is not reflected in the Debtor's monthly income.
8. The debt is a cash advance aggregating more than $750.00 and is considered an open end credit plan.
9. Counsel for Plaintiff has again reviewed the Debtor's bankruptcy petition, statement and schedules, together with the account transaction history for purposes of this motion for default judgment. The loan was incurred 31 days prior to the filing of his Chapter 7 bankruptcy petition.
10. The Defendant did not make a single payment towards the loan.
11. Based upon the objective factors stated in the Complaint and below the Debtor did not intend to repay the loan.
12. On or about October 11, 2017 the Plaintiff filed a notice of Motion and motion for entry of default and notice of motion and motion for entry of default judgement after the Defendant had failed to file a timely response.

## CONCLUSIONS OF LAW

A. **Jurisdiction**
  1. This contested matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I)
  2. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and 1334 (b).
  3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

B. **Argument**
  1. This action was initiated under 11 U.S.C. § 523(a)(2)(A), August 11, 2017.
  2. Additionally, the Plaintiff is seeking an exception to the discharge pursuant to § 523(a)(2)(c).
  3. The Defendant incorrectly scheduled the Plaintiff's claim as American Cash Loan in the amount of $300.00.
  4. The Bankruptcy Code refers to section 103 of the Truth in Lending Act in defining open end credit.
  5. Pursuant to 11 U.S.C. § 523(a)(2)(C), a "presumption of fraud arises where luxury goods and services are purchased or cash advances are taken shortly before the filing of a bankruptcy case." *George*, 381 B.R. at 915.

6. In this case the Defendant filed its bankruptcy within 70 days of being issued the loan and because the loan is for greater than $750.00, this loan is not dischargeable.

Dated: 11/7/17

Enter:

_____
United States Bankruptcy Judge

LEFKOWITZ LAW GROUP
Attorneys for Creditor/Plaintiff
**/s/ Brandon S. Lefkowitz**
Brandon S. Lefkowitz
ARDC No. 6301839
24100 Southfield Road, Suite 203
Southfield, MI 48075